Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| CARLOS RUBEN DÍAZ PIZARRO<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | TA2026RA00204 | *Revisión Judicial* procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm.<br><br>Sobre:<br>Emplazamiento |
|---|---|---|

Panel integrado por su presidenta, la Juez Lebrón Nieves, el Juez, Pagán Ocasio y la Jueza Álvarez Esnard.

Pagán Ocasio, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 29 de abril de 2026.

### I.

El 20 de abril de 2026, el señor Carlos Díaz Pizarro (señor Díaz Pizarro o recurrente), quien se encuentra confinado bajo la custodia del Departamento de Corrección y Rehabilitación (DCR), presentó, por derecho propio y de forma *pauperis*, un escrito que intituló *Moción, Asunto: emplazamiento a la administración del Departamento de Corrección y Rehabilitación quien cobija los funcionarios de esta institución a quienes demandamos en sus caracteres personales*, el cual tomamos como un recurso de revisión judicial.

En dicho escrito, alegó que tiene la intención de presentar "un Recurso, Moción Apelación Criminal o Certiorari Criminal" ante este Tribunal y que los funcionarios de la institución penal lo han ignorado, en violación de la Regla 195 de las Reglas de Procedimiento Criminal, 34 LPRA Ap. II, y la Regla 30.1 del Reglamento del Tribunal de Apelaciones, según enmendada, ***In re Aprob. Enmdas. Reglamento TA***, 2025 TSPR 141, pág. 48, 216

DPR __ (2025).[1] En adición, solicita que se ordene al DCR a instruir a los funcionarios de la institución penal a que desistan de tomar represalias en su contra.[2]

También presentó una solicitud para que se le autorice a litigar en forma *pauperis.*

De umbral, se autoriza al señor Díaz Pizarro a litigar en forma *pauperis* y por derecho propio.

A pesar de sus alegaciones, el recurrente no incluyó junto a su escrito copia de alguna querella, moción o determinación de la cual pretende recurrir. Tampoco incluyó una relación fiel de los hechos importantes y pertinentes del caso, ni un señalamiento breve y conciso de los errores que entiende que cometió el DCR.

Debemos mencionar que la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, *supra,* R. 7 (B) (5), confiere a este foro la facultad para prescindir de escritos, en cualquier caso, ante su consideración, con el propósito de lograr su más justo y eficiente despacho. Dadas las particularidades de este caso, prescindimos de la comparecencia del DCR.

**II.**

**A.**

La jurisdicción ha sido definida como "el poder o autoridad de un tribunal para considerar y decidir casos y controversias". ***Shell v. Srio. Hacienda,*** 187 DPR 109, 122 (2012). Reiteradamente, nuestro Tribunal Supremo ha expresado que los tribunales tienen siempre la obligación de ser celosos guardianes de su propia jurisdicción, toda vez que sin jurisdicción no están autorizados a entrar a resolver los méritos de un recurso. Íd., págs. 122-123. En consecuencia, los asuntos de jurisdicción son materia privilegiada y deben ser resueltos con preferencia. ***Fuentes Bonilla v.***

---

[1] Véase entrada núm. 1 del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC-TA).
[2] *Íd.*

**ELA,** 200 DPR 364, 372 (2018). Así, cuando un tribunal no tiene autoridad para atender el recurso, solo tiene jurisdicción para así declararlo y desestimar el caso sin entrar en los méritos de la controversia. **Mun. de San Sebastián v. QMC Telecom,** 190 DPR 652, 660 (2014).

Entre las razones que privan a los tribunales de asumir jurisdicción sobre un asunto, resalta el incumplimiento por la parte promovente con las reglas referentes al perfeccionamiento del recurso. Ante un incumplimiento de este tipo, el derecho procesal apelativo autoriza que se desestime un recurso. **Arriaga v. F.S.E.**, 145 DPR 122, 129-130 (1998). El cumplimiento con el Reglamento del Tribunal de Apelaciones, *supra*, no puede soslayarse injustificadamente. Íd., pág. 130.

Ahora bien, la omisión de un documento no debe acarrear automáticamente la desestimación del recurso, sino que debe obligar a los tribunales a analizar la naturaleza del documento o folio omitido y su importancia para la consideración del recurso. H. Sánchez Martínez, *Derecho Procesal Apelativo, Puerto Rico*, Ed. Lexis Nexis de Puerto Rico, Inc., 2001, pág. 333. Para los foros apelativos, el apéndice equivale al expediente judicial del tribunal de instancia y mediante este, descansan para descargar sus responsabilidades y prerrogativas. Íd., pág. 314. Por tal razón, "[u]na decisión judicial tomada a base de un expediente incompleto es siempre portadora del germen latente de la incorrección". Íd.

A su vez, cabe destacar también que las partes que comparecen por derecho propio no están exentas del cumplimiento de estas normas, puesto que el carácter de su comparecencia, por sí sola, no justifica el incumplimiento con las reglas procesales. **Febles v. Romar**, 159 DPR 714, 722 (2003).

**B.**

La Regla 59 del Reglamento del Tribunal de Apelaciones, *supra*, págs. 77-79, ordena los requisitos de contenido del escrito de revisión judicial. En su inciso (C)(1), dicha Regla establece que todo recurso, entre otras cosas, contendrá:

> […]
>
> (c) **una referencia a la decisión, reglamento o providencia administrativa objeto del recurso de revisión**, la cual incluirá el nombre y el número del caso administrativo, el organismo o la agencia o funcionario o funcionaria que la dictó, la Región Judicial correspondiente, la fecha en que fue dictada y la fecha en que se archivó en autos copia de su notificación a las partes. También, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar el recurso de revisión.
>
> […]
>
> (d) **Una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso.**
>
> (e**) Un señalamiento breve y conciso de los errores que a juicio de la parte recurrente cometió el organismo, agencia o funcionario recurrido o funcionaria recurrida.**
>
> (f) **Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicables.**
>
> (g) **La súplica**. (Énfasis nuestro).

Además, el inciso (E) de la referida Regla, establece que el recurso contendrá un apéndice compuesto de, entre otros, una copia literal de:

> (a) las alegaciones de las partes ante la agencia, a saber, **la solicitud original**, la querella o apelación **y las contestaciones a las anteriores hechas por las demás partes**;
>
> (b) …
>
> (c) la orden, resolución o providencia administrativa cuya revisión se solicita;
>
> (d) toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para solicitar revisión;
>
> (e) toda resolución u orden, moción o escrito que forme parte del expediente original administrativo y en los que se discuta

expresamente cualquier asunto planteado en el recurso de revisión; y

(f) cualquier otro documento que forme parte del expediente original en la agencia y que pueda ser útil en la resolución de la controversia.

(g) …. (Énfasis nuestro).

Por último, la Regla 83(C) del Reglamento del Tribunal de Apelaciones, *supra*, R. 83(C), pág. 110, también faculta a esta Curia a iniciativa propia, desestimar un recurso por diversos motivos, entre ellos: (1) **porque el Tribunal de Apelaciones carece de jurisdicción**; (2) porque fue presentado fuera del término de cumplimiento estricto dispuesto sin que exista justa causa; y (3) porque no se ha presentado o proseguido con diligencia o de buena fe. Entretanto, la Regla 83(D) del Reglamento del Tribunal de Apelaciones, *supra*, R. 83(D), requiere que las resoluciones que emita el Tribunal bajo dicha regla sean fundamentadas.

**III.**

Luego de examinar con detenimiento el recurso presentado por el señor Díaz Pizarro, determinamos que este adolece sustancialmente de los requisitos esenciales para su perfeccionamiento. En específico, contemplamos que su escrito incumple de modo significativo con las formalidades atinentes a la presentación de los recursos de revisión administrativa, de conformidad con la Parte VII del Reglamento del Tribunal de Apelaciones.

En el caso de marras, el señor Díaz Pizarro no incluyó un apéndice, tal como es requerido por la Regla 59 (E) de nuestro Reglamento, *supra*, R. 59 (E). A pesar de que alegó que no procedía la medida disciplinaria, el recurso **carece de documentos** indispensables para *auscultar nuestra jurisdicción* o entender **en qué contexto el DCR emitió alguna determinación** de la cual el recurrente pretenda recurrir. Regla 59 (C) (c) del Reglamento del

Tribunal de Apelaciones, *supra*, R. 59 (C) (c). Tampoco incluyó documento alguno.

Además, el señor Díaz Pizarro no sometió copia de algún documento que haya presentado ante el DCR con relación a sus planteamientos o la determinación de la agencia recurrida que active nuestra función revisora. Tampoco incluye los señalamientos de error imputados a la agencia. Ello no nos permite entender cuáles son los hechos "procesales y materiales del caso". Regla 59 (C) (d), del Reglamento del Tribunal de Apelaciones, *supra*, R. 59 (C)(d). En vista de lo anterior, debemos recordar que el propósito de la reglamentación es colocar a los tribunales apelativos en posición de decidir correctamente los casos. ***Pueblo v. Valentín Rivera***, 197 DPR 636, 641 (2017) (Sentencia); ***Soto Pino v. Uno Radio Group***, 189 DPR 84, 89 (2013).

El incumplimiento del señor Díaz Pizarro conlleva la falta del perfeccionamiento de su recurso y priva de jurisdicción a este tribunal para atender su reclamo. En consecuencia, procede desestimar el recurso de revisión judicial.

Recordamos que, no se justifica el incumplimiento de los requisitos reglamentarios por el solo hecho de que los litigantes comparezcan por derecho propio. Véase, ***Febles v. Romar***, supra, pág. 722.

**IV.**

Por los fundamentos expuestos, se *desestima* el recurso de revisión judicial.

**Notifíquese a todas las partes y al Procurador General. El DCR deberá entregar copia de la presente al recurrente en cualquier institución donde se encuentre confinado.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones